**NOT FOR PUBLICATION**

UNITED STATES COURT OF APPEALS

FOR THE NINTH CIRCUIT

| | |
|---|---|
| ANDRES GONZALEZ, | No. 12-55018 |
| Petitioner - Appellant, | D.C. No. 2:04-cv-04795-GAF-PLA |
| vs. | |
| EDWARD J. CADEN, Warden, | MEMORANDUM[*] |
| Respondent - Appellee. | |

Appeal from the United States District Court
for the Central District of California
Gary A. Feess, District Judge, Presiding

Argued and Submitted March 4, 2013
Pasadena, California

Before: WARDLAW and GOULD, Circuit Judges, and HADDON, District Judge.[**]

Andres Gonzalez appeals the district court's denial of his 28 U.S.C. § 2254

Petition for Writ of Habeas Corpus challenging his convictions for attempted

murder, shooting at an occupied motor vehicle, and six counts of assault with a

---

[*] This disposition is not appropriate for publication and is not precedent except as provided by 9th Cir. R. 36-3.

[**] The Honorable Sam E. Haddon, United States District Judge for the District of Montana, sitting by designation.

firearm. He contends that trial counsel provided ineffective assistance in violation of the Sixth Amendment. We have jurisdiction under 28 U.S.C. §§ 1291 and 2253 and affirm the district court's order denying habeas relief.

We review the district court's denial of a habeas petition de novo. *Runningeagle v. Ryan*, 686 F.3d 758, 766 (9th Cir. 2012), *petition for cert. filed,* 81 U.S.L.W. 3422 (U.S. Nov. 15, 2012)(Nos. 12894, 12A336). Findings of fact are reviewed for clear error. *Brown v. Ornoski*, 503 F.3d 1006, 1010 (9th Cir. 2007).

The Antiterrorism and Effective Death Penalty Act of 1996 (AEDPA) governs our review of the petition. Under AEDPA, habeas relief may not be granted unless the state court's adjudication of a claim "resulted in a decision that was contrary to, or involved an unreasonable application of, clearly established Federal law, as determined by the Supreme Court of the United States," or the State court's conclusions were "based on an unreasonable determination of the facts in light of the evidence presented in the State court proceeding." 28 U.S.C. § 2254(d); *see also Harrington v. Richter*, 131 S. Ct. 770, 787–88 (2011) (describing AEDPA deference owed to a state court's ruling on an ineffective assistance of counsel claim).

To prove ineffective assistance of counsel, Gonzalez must show: (1) that counsel's performance was deficient; and (2) that the deficient performance

2

prejudiced the defense. *Strickland v. Washington*, 466 U.S. 668, 687 (1984). An attorney's performance is deemed deficient if it is objectively unreasonable under prevailing professional norms. *Id.* at 688. To demonstrate prejudice, Gonzalez must show "a reasonable probability that, but for counsel's unprofessional errors, the result of the proceeding would have been different." *Id.* at 694. A reasonable probability is defined as "a probability sufficient to undermine confidence in the outcome." *Id.*

Gonzalez claims that his counsel rendered ineffective assistance because she failed to present an eyewitness at trial and that he suffered prejudice as a result. Gonzalez properly raised and exhausted his claim in state court where it was rejected. We conclude there was a reasonable basis for rejecting the claim. Although trial counsel's performance was deficient, it was not prejudicial.

Gonzalez was convicted on the strength of multiple eyewitness identifications. All six victims in this case identified Gonzalez as the shooter during field show-ups on the night of the incident. Three of the six victims identified him as the shooter at trial. Nothing in the record showed that any of the victims had any particular motivation to falsely accuse Gonzalez.

The uncalled eyewitness, Dagoberto Cardona, was not a disinterested witness. On the night of the incident, law enforcement located Cardona hiding

along with Gonzalez and Michael Valencia in a carport near the trailer park where the shooting occurred. All six victims also identified Valencia as a person involved in the incident during field show-ups.

It was not unreasonable for the state court to conclude under these circumstances that Cardona's proposed testimony was not reasonably likely to have altered the outcome of the trial. *See Strickland*, 466 U.S. at 696; *see also Richter*, 131 S. Ct. at 792.

**AFFIRMED.**